This is a suit to have a certain deed alleged to be forged, and a mortgage made by the grantee under said deed, declared null and void. The deed in question purports to have been made by Giuseppe La Bianco as a widower and to convey two lots in Lodi to defendants Jaffe and Kantrovitz. The deed, dated the 23d day of November, 1922, was witnessed by Alfred La Forte, a notary public, and was acknowledged before him. The deed was recorded on the 29th day of November, 1922. Subsequently, Jaffe and Kantrovitz executed a mortgage on the premises to defendant Peoples Bank and Trust Company.
La Bianco recently conveyed the premises to complainant who took with knowledge of the recorded deed and mortgage. La Bianco testified that he never signed the deed in question and that it is a forgery. He says that his true name is Lo Bianco and that instead of being a widower as recited in the deed, he was married at that time and that his wife is still *Page 492 
living. It was shown that he paid taxes on the premises until the year 1926. La Forte, the notary who took the acknowledgment, is dead.
The testimony on behalf of defendants Jaffe and Kantrovitz shows that shortly prior to the time of the execution of the questioned deed, one Michele Mannicone owed them money and entered into an agreement with them whereby he turned over the lots in question at a valuation of $800 and paid off the rest of the indebtedness in cash. Complainant absolves the defendants Jaffe and Kantrovitz from any blame for the alleged forgery and admits that he acted in good faith. Mannicone testified as to the transactions with defendants Jaffe and Kantrovitz, and also as to his transactions with La Bianco. He says he arranged to borrow from La Bianco some of the cash used to pay on account of his debt and arranged with La Bianco to have him deed the property in question as part payment of the balance.
La Forte, the notary, was a cousin of La Bianco, and as far as appears from the testimony, had no possible motive for making a false acknowledgment on the deed in question. If it was a forgery, it must have been done either by La Forte or with his connivance.
The preponderance of the testimony is against the complainant. The testimony of La Bianco is uncorroborated while the testimony of defendants Jaffe and Kantrovitz is corroborated by Mannicone. In addition, it was stipulated at the trial that Miss Minnie Simon, who acted as attorney for La Bianco in some of the transactions, should not be called as a witness, but if she had been called, her testimony would have been favorable to the defendants.
 A decree will be advised dismissing the complaint. *Page 493